E-FILED
Thursday, 12 March, 2026 01:40:54 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | | |
|---|---|---|
| MELANIE GOSSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: |
| | ) | |
| | ) | JURY DEMANDED |
| KANKAKEE RIVER METROPOLITAN | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, MELANIE GOSSETT, ("Plaintiff") by and through her counsel, Esposito Law, LLC, and for her Complaint against KANKAKEE RIVER METROPOLITAN AGENCY ("Agency"), alleges as follows:

**Nature of Claims**

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, *et seq.*).

2.      This action is brought under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment.

**Parties, Jurisdiction, Venue**

3.      Plaintiff, Melanie L. Gossett, adult white female, is 58 years-of-age, and a citizen of the State of Illinois, residing in Bourbonnais, Kankakee County, Illinois.

4.    Defendant, Kankakee River Metropolitan Agency, is located in Kankakee County, Illinois and Plaintiff was employed to perform services for Defendant in Kankakee County, Illinois.

5.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

**Facts Common to All Counts**

6.    On or about March 27, 2025, Plaintiff filed a race, sex, and age discrimination and retaliation Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

7.    Plaintiff's Charge of Discrimination was filed within three hundred (300) days of when the alleged unlawful employment practice(s) occurred.

8.    Plaintiff was employed by the Kankakee River Metropolitan Agency on or about July 2012 as an Operations and Maintenance Specialist.

9.    At the time of her constructive discharge, Plaintiff was employed as the Director of Technical Services.

10.    Kankakee River Metropolitan Agency owns and manages the Kankakee River Metropolitan Wastewater Treatment Facility adjacent to the Kankakee River.  Through an intergovernmental agreement, the City of Kankakee, and the Villages of Aroma Park, Bourbonnais and Bradley agreed to provide for joint and cooperative operation, use and maintenance of the wastewater treatment systems.

11.    At all times relevant hereto, approximately fifteen percent of Defendant's employees were female.

12.     At all times relevant hereto, Tawonda Brown, black female, was Plaintiff's Office Coordinator.  She was also Plant Superintendent Arthur Strother's cousin.  Strother, black male, had supervisory rank above Plaintiff.

13.     At all times relevant hereto, Carolyn Croswell, black female, was HR Director for the City of Kankakee.

14.     At all times relevant hereto, Dave Tyson, white male, was the Executive Director of the Agency and had supervisory rank above Plaintiff.

15.     Plaintiff was discriminated against because of Plaintiff's race, white, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

16.     During Plaintiff's employment with Defendant, she was subjected to reverse racial harassment by Superintendent Strother, black male and HR Director Croswell, black female.

17.     During Plaintiff's employment with Defendant, Executive Director Tyson engaged in age-based harassment and retaliation.

18.     On or about April 2022, Superintendent Strother, black male, demonstrated racial favoritism by redirecting duties Plaintiff had assigned to Brown and accusing Plaintiff of dumping tasks on Brown, black female.

19.     On April 5, 2022, Brown, black female, made aggressive and disrespectful comments to Plaintiff recommending a free weight loss program that had been instituted by the Agency.

20.     On April 28, 2022, a meeting was held between Tyson, white male, Brown, black female, and Plaintiff, white female, wherein Plaintiff complained about Brown's aggressive behavior toward Plaintiff.  That same evening, Superintendent Strother, black male, to induce

3

Plaintiff to stop making complaints about his cousin, told Plaintiff that her complaints about aggression could be perceived as retaliatory.

21.     On June 26, 2023, Plaintiff reported to Superintendent Strother, black male, that his cousin Brown, black female, was engaging in bullying.

22.     On July 25, 2023, a meeting was held between Croswell, black female, Strother, black male, and Tyson, white male, where Croswell accused Plaintiff, white female, of seeking vengeance against Brown and further stated that Plaintiff needed sensitivity training.

23.     On August 18, 2023, without warning, Plaintiff was stripped of her supervisory duties.

24.     On November 15, 2023, Superintendent Strother, black male, gave Plaintiff a written memo which accused Plaintiff of being unable to separate her job responsibilities and personal feelings.

25.     On November 16, 2023, Plaintiff reported the November 15, 2023 Strother memo to Tyson.  Tyson, white male, said he would speak to Superintendent Strother, black male.

26.     On June 27, 2024, a meeting was held between Croswell, black female, Strother, black male, and Tyson, white male, where Plaintiff, white female, was accused of throwing an invoice onto Brown's desk in a disrespectful manner.

27.     Thereafter and on the same day, Plaintiff, white female, met with Superintendent Strother, black male. He issued a veiled threat "Tawonda doesn't back down; she protects her family."  Strother continued, "I can't say what she would do outside the workplace" and brought up Brown's record of assault.

28.     On July 2, 2024, Plaintiff reported the threatening conversation to Tyson.

29.     On July 9, 2024, a meeting was held regarding the conversation.  Superintendent Strother and Tyson were present.  Plaintiff let them know she felt unsafe in the workplace.

30.     About forty minutes later on July 9, 2024, a second meeting was held with Tyson, white male, Brown, black female, and Plaintiff, white female.  Tyson stated that the Plaintiff's issues were "petty".

31.     Thereafter and on the same day, Plaintiff wrote a letter to Tyson, white male, Croswell, black female, and Strother, black male, making a complaint about the threat.

32.     On July 25, 2024, to compound the tension, a meeting was held with Croswell, black female, Tyson, white male, and Plaintiff, white female, where Croswell attempted to intimidate Plaintiff by ridiculing the seriousness of the threat by stating that she would call in the National Guard and have Plaintiff escorted to work if there was a real threat.  Then, simultaneously, Tyson offered Plaintiff the opportunity to resign or be fired.  Plaintiff asked to talk to legal counsel before deciding and was told no.  Plaintiff submitted her resignation under duress, a constructive discharge.

### COUNT I
**Reverse Racial Discrimination**

33.     Paragraphs one through thirty-two (1-32) are incorporated herein by reference as paragraph thirty-three (33).

34.     Defendant subjected Plaintiff to reverse racial discrimination.

35.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.  42 U.S.C. § 2000e.

36.     As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits,

liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

37.    The willful and outrageous nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

38.    Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against Defendant and asks that the Court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may deem proper and appropriate.

## COUNT II
### Sexual Discrimination

39.    Paragraphs one through thirty-eight (1-38) are incorporated herein by reference as paragraph thirty-nine (39).

40.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

41.    As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts

6

to be proven at trial.

42.    The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

43.    Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against Defendant and asks that the Court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may deem proper and appropriate.

## <u>COUNT III</u>
### Age Discrimination

44.    Paragraphs one through forty-three (1-43) are incorporated herein by reference as paragraph forty-four (44).

45.    Defendant subjected Plaintiff to age discrimination.

46.    Defendant subjected Plaintiff to age-based harassment.

47.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

48.    As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts

to be proven at trial.

49.    The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

50.    Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against Defendant and asks that the Court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may deem proper and appropriate.

<u>COUNT IV</u>
**Title VII Retaliation and Constructive Discharge**

51.    Paragraphs one through fifty (1-50) are incorporated herein by reference as paragraph fifty-one (51).

52.    Defendant retaliated against Plaintiff's complaints of age, sex, and reverse race discrimination by using a pretextual termination.

53.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

54.    As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts

to be proven at trial.

55. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

56. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against Defendant and asks that the Court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may deem proper and appropriate.

**JURY TRIAL IS DEMANDED FOR ALL COUNTS**

Respectfully submitted,

**MELANIE GOSSETT**
Plaintiff
By:    /s/ Nicholas F. Esposito
One of her attorneys

Nicholas F. Esposito, nfe@eslaw500.com
ESPOSITO LAW LLC
7055 Veterans Blvd., Unit B
Burr Ridge, Illinois 60527
Telephone: (312) 346-2766
Facsimile : (312) 346-3177